**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS CAYETANO-HERNANDEZ, | No.   17-72119 |
| Petitioner, | Agency No. A206-191-825 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2018
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and GAITAN,[**] District
Judge.

Luis Cayetano-Hernandez, a native and citizen of Mexico, seeks review of

the decision of the Board of Immigration Appeals ("BIA") affirming the denial by

an Immigration Judge ("IJ") of his request for asylum, withholding of removal and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, grant it in part, and remand to the BIA.

"Where . . . the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). *See also Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (reviewing both the BIA and IJ's decisions where the BIA adopted the IJ's decision and added some of its own analysis).

The agency's factual findings are reviewed for substantial evidence. *Villavicencio v. Sessions*, 904 F.3d 658, 663 (9th Cir. 2018); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Underlying decisions should be upheld if they are "supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Abebe v. Gonzales*, 432 F.3d 1037, 1039-40 (9th Cir. 2005) (quoting *Mejia-Paiz v. INS*, 111 F.3d 720, 722 (9th Cir. 1997)). Reversal is warranted where the record compels a reasonable fact finder to conclude that the IJ's decision was incorrect. *Zhou v. Gonzales*, 437 F.3d 860, 865 (9th Cir. 2006). *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) ("To reverse the BIA, we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it – and also compels the further conclusion that

the petitioner meets the requisite standard for obtaining relief." (alteration in original) (internal quotation marks and citation omitted)).

To qualify for asylum, an application must demonstrate either past persecution or a reasonable possibility of future persecution. Cayetano has not alleged past persecution. In order to show future persecution, he may demonstrate that there is a "'reasonable possibility' that he will be 'singled out individually for persecution' if removed," or "he may show that there is a systematic 'pattern or practice' of persecution against the group to which he belongs in his home country, such that, even without any evidence of individual targeting, his fear of persecution is deemed reasonable." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (citing 8 C.F.R. §1208.13(b)(2)(iii)).

The BIA found that Cayetano's fear of persecution was premised on his belief that he would be committed to a mental health institution upon removal to Mexico. The BIA noted that the IJ predicted that the possibility of involuntary commitment was too low to give rise to a well-founded fear of persecution in such an institution. The BIA gave two reasons for this low likelihood. First, the record supported the IJ's determination that outpatient treatment assists Cayetano in managing his symptoms and reducing the frequency of his hallucinations. Second, the record supported the IJ's determination that Cayetano possessed the self-sufficiency skills necessary to pursue and manage his treatment and psychotropic

medications on his own upon his removal to Mexico. The BIA stated that it agreed with the IJ that these factors reduced Cayetano's potential for involuntary commitment in a mental health institution.

This conclusion is at odds with the evidence in the record. Although an adult, Cayetano has always lived with his parents. His parents were the ones who located medical professionals for Cayetano, took him to his appointments, assisted him in obtaining and paying for his medications, helped him find work and worked alongside him. Accordingly, the petition is granted as to the asylum and withholding claims and remanded to the BIA to reconsider the likelihood of persecution without the unsupported premise that Cayetano possesses the requisite self-sufficiency skills necessary to access community mental health treatment and manage his psychotropic medications in an unfamiliar country.

The BIA agreed with the IJ that conditions in Mexican mental health institutions do not arise from a deliberate intent to inflict harm and thus upheld the IJ's denial of relief under CAT. In *Villegas v. Mukasey*, 523 F.3d 984 (9th Cir. 2008), the Court noted "[t]he regulations further provide that 'to constitute torture, an act must be *specifically intended* to inflict severe physical or mental pain or suffering.'" *Id*. at 988 (quoting 8 C.F.R. § 1208.18 (a)(5)). The Court in *Villegas* found that there was nothing in the record which indicated that Mexican officials or private actors created these conditions "for the specific purpose of inflicting

4

suffering upon the patients." *Id*. at 989. Cayetano did not point to any evidence in the record that would show that the deplorable conditions at Mexico's mental institutions arose out of a specific intent to cause severe pain or suffering. Therefore, Cayetano's petition for relief pursuant to CAT is denied.

**GRANTED in part, DENIED in part and REMANDED**.