NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WALTER ERNESTO RAYMUNDO-LIMA,<br><br>               Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>               Respondent. | No.   16-70206<br><br>Agency No. A077-260-082<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 20, 2018[**]
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Petitioner, a native and citizen of El Salvador, illegally entered the United

States in 1999, and a removal order was issued *in absentia* that same year.[1]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Although Petitioner's initial notice to appear did not specify a time and place for his removal hearing, we do not read *Pereira v. Sessions*, __ U.S. __, 138 S. Ct. 2105 (2018), to impact our resolution of the issues raised in this case.

Petitioner was deported in 2003, pursuant to the 1999 removal order and subsequent to a conviction for transporting undocumented people through the United States. He returned in 2005 without inspection. In 2013, DHS reinstated Petitioner's 1999 removal order. However, Petitioner asserted that he had a reasonable fear of persecution and torture if he was deported to El Salvador. An asylum officer conducted a reasonable fear hearing, finding that Petitioner did not establish past or future fear of persecution or torture. An immigration judge ("IJ") concurred. Petitioner appeals the reinstatement of his 1999 removal order and the IJ's determination that Petitioner failed to establish a reasonable fear of persecution or torture if returned to El Salvador. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

"[E]xcept where constitutional claims or questions of law arise in the context of reinstatement and 'the petitioner can demonstrate a 'gross miscarriage of justice' in the [original removal] proceedings,' our review of a reinstatement order is limited to assessing ICE's determination of the factual predicates for reinstatement." *Villa-Anguiano v. Holder*, 727 F.3d 873, 877–78 (9th Cir. 2013) (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008)). Specifically, we review whether ICE erred in determining that: "(1) petitioner is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Morales-Izquierdo v. Gonzales*, 486 F.3d

484, 495–96 (9th Cir. 2007) (en banc); *see also* 8 C.F.R. § 241.8(a).  The

Government provided sufficient evidence of all three elements.  Therefore,

Petitioner's prior removal order was properly reinstated.

We review the IJ's negative reasonable fear determination for substantial

evidence.  *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018) (citing

*Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016)).  Similarly, we

review the IJ's factual findings for substantial evidence.  *See, e.g.*, *Villavicencio v.

Sessions*, 879 F.3d 941 (9th Cir. 2018); *Bringas- Rodriguez v. Sessions*, 850 F.3d

1051, 1059 (9th Cir. 2017) (en banc).  Questions of law are reviewed de novo.

*Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1087 (9th Cir. 2013) (en banc).

Petitioner contends there is a reasonable possibility that he would be

persecuted on account of his membership in a particular social group if returned to

El Salvador.  *See* 8 C.F.R. § 1208.31(c) (petitioner must establish a reasonable

possibility that he would be persecuted on account of, among other things,

membership in a particular social group).  Petitioner argues that he is a member of

a particular social group consisting of people "targeted for death by gang members

who have Government Police working for them under color of law."  However, in

the proceedings below, Petitioner never actually testified to being part of this social

group or presented any evidence that this particular social group actually exists.

*See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-*

*V-G-*, 26 I. & N. Dec. 227 (BIA 2014) and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014)) (clarifying what an applicant must establish to show he is part of a particular social group). Therefore, to the extent Petitioner's argument regarding his membership in this particular social group has not been waived, it is unsubstantiated.

Petitioner also argues that he has a reasonable fear of future harm as a member of a particular social group that refused recruitment by MS-13 gang members. However, Petitioner did not present sufficient evidence that he belongs to a particular social group that is generally recognized by other members of the community or perceived as a group by society. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014) ("To determine whether a group is a particular social group for the purposes of an asylum claim, the agency must make a case-by-case determination as to whether the group is recognized by the particular society in question."); *Reyes*, 842 F.3d at 1132 (same); *see also Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (resistance to gang recruitment does not constitute a social group for purposes of asylum). Therefore, Petitioner failed to establish a reasonable fear of returning to El Salvador based on his resistance to recruitment by the MS-13 gang. 8 C.F.R. § 1208.31(c).

Finally, Petitioner contends the IJ failed to consider whether Petitioner qualified for relief under the Convention Against Torture ("CAT"). But, Petitioner

4

never "alleged that he feared torture at the hands of the Salvadoran government."

*Barajas-Romero v. Lynch*, 846 F.3d 351, 362 (9th Cir. 2017) ("The regulations [regarding CAT] say that torture, for purposes of relief, has to be 'at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'") (alteration added). Therefore, the IJ properly denied Petitioner's request for relief under CAT.

**THE PETITION IS DENIED.** In addition, the Court grants the Respondent's motion to file a late brief (Docket 42).

5