NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA MAGDALENA RAMOS-PORTILLO, | No. 18-73274 |
| Petitioner, | Agency No. A087-941-736 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2020**
San Francisco, California

Before: WALLACE and R. NELSON, Circuit Judges, and GWIN,*** District
Judge.

Petitioner Maria Magdalena Ramos-Portillo seeks review of a decision by

the Board of Immigration Appeals ("BIA") dismissing her appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

immigration judge's ("IJ") denial of withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

We review the BIA's factual findings for substantial evidence. *Villavicencio v. Sessions*, 904 F.3d 658, 663 (9th Cir. 2018) (as amended). "The BIA's factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 663–64 (internal quotation marks omitted). Our review is "limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009) (internal quotation marks omitted).

1. We affirm the BIA's determination that Petitioner's proposed particular social groups were not socially distinct in Salvadorian society. Whether a particular social group is cognizable is a question of law reviewed de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014). But social distinction relies on underlying factual issues, reviewed for substantial evidence. *Garay Reyes v. Lynch*, 842 F.3d 1125, 1138 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 736 (2018).

To determine whether Petitioner's proposed particular social groups satisfy the requirement of social distinction, we ask "whether a group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Henriquez-Rivas v. Holder*,

2

707 F.3d 1081, 1091 (9th Cir. 2013) (en banc) (internal quotation marks and citation omitted).  Petitioner submitted no evidence that Salvadoran society would see her as part of a socially distinct group based on her prior relationship with a man who abused her while they were in the United States.  Because the record evidence does not compel the conclusion that the proposed groups are viewed as distinct in Salvadoran society, we affirm the BIA's finding that they are not cognizable social groups.

2.      We affirm the agency's denial of CAT protection.  The record evidence does not compel the conclusion that it is more likely than not that Petitioner would be tortured if she is returned to El Salvador.  Substantial evidence supports the BIA's determination that Petitioner's fear of torture is speculative.  She does not know the whereabouts of her abuser, who separated from her in 2015 and has not contacted her since.  Speculative claims of torture like these are insufficient for relief under CAT.  *Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

That the BIA did not specifically discuss a phone call between Petitioner's abuser and her cousin does not compel reversal of its conclusion that Petitioner has not established that she would likely be tortured if removed to El Salvador.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).  The BIA's decision reflects that it properly considered the record.  Further, the phone call does not

3

establish that Petitioner would more likely than not be tortured if removed to El Salvador, especially because the abuser has not contacted her in the five years since the phone call.

Nor does the record compel reversal of the agency's finding that the Salvadoran government would not acquiesce to the torture she fears. The government is working to control gang violence and domestic violence, especially through targeted prosecution of crimes of violence against women, though it struggles doing so effectively and consistently.

Accordingly, "a reasonable adjudicator would [not] be compelled to conclude" from the record that the BIA's determinations were erroneous. 8 U.S.C. § 1252(b)(4)(B).

**PETITION FOR REVIEW DENIED.**