

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AZZAREL OLEA TOLEDO, AKA Azzarel Olea, | No. 19-70940 |
| Petitioner, | Agency No. A208-411-806 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2020**
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and HARPOOL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* We unanimously conclude this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

1

Azzarel Olea Toledo, a Mexican national, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum and withholding of removal. We review questions of law *de novo* and factual findings for substantial evidence. *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (as amended). We deny the petition for review.

**1.** An asylum applicant must file within a year of arrival in the United States unless the applicant can demonstrate changed circumstances affecting their asylum eligibility. 8 U.S.C. § 1158(a)(2). Olea Toledo concedes his asylum application was untimely but claims that changed circumstances excuse the delay. The BIA determined Olea Toledo did not show a material change in circumstances that excused his untimely application. Whether an applicant's circumstances have changed is a mixed question of law and fact, which we review for substantial evidence. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Olea Toledo points to three potential changed circumstances: the release of "El Mochi" from prison, the revelation of his sexual orientation to his family, and the death of his grandmother.

Substantial evidence supports the BIA's finding that the release of El Mochi was not a changed circumstance affecting Olea Toledo's eligibility for asylum. Even if it were, Olea Toledo has not demonstrated that the government would be

2

unwilling or unable to control El Mochi or his family as the Mexican police were previously responsive to Olea Toledo's complaints. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc).

Second, Olea Toledo claims that coming out to his family in Hawaii was a changed circumstance excusing his untimely application. The record shows Olea Toledo revealed his sexual orientation to his family in January 2016 and applied for asylum in January 2017. Accepting *arguendo* that this event was a changed circumstance, Olea Toledo was nonetheless obligated to file within a reasonable amount of time after the changed circumstance. *See Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008). A delay of over six months is presumptively unreasonable. *Id.* Here, the delay was a full year, with no explanation supplied to overcome the presumption of unreasonableness. Therefore, this circumstance cannot excuse his late filing.

Third, Olea Toledo claims the death of his grandmother in March 2014 was a changed circumstance excusing his untimely application. The record shows this argument was raised for the first time before the BIA. Applicants for asylum must raise issues for the first time before the immigration judge ("IJ"). *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). The BIA declined to consider this circumstance on that basis and, in declining to do so, it did not err. *Id.*

3

**2.** Olea Toledo next argues he established eligibility for withholding of removal on the basis of his membership in two particular social groups: (1) crime witnesses or victims in Mexico whose testimony led to the conviction of a criminal and (2) out gay men. The BIA conceded these were valid particular social groups, but determined Olea Toledo did not establish a clear probability of future persecution because he did not establish it to be more likely than not that he would be persecuted because of his membership in these groups.

Olea Toledo's claim arising from his status as a crime witness and victim rests on his fear of private actors, namely El Mochi and his family. To satisfy his burden on this claim, he must establish the Mexican authorities are or would be unable or unwilling to protect him from those actors. *See Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004). In light of the record evidence, the BIA concluded that the Mexican authorities were neither unable nor unwilling to protect Olea Toledo, as demonstrated by the police's decision to detain El Mochi for four years on the basis of his complaint and their attentiveness to his three later complaints concerning El Mochi's family. Substantial evidence supports the BIA's decision on this point.

The BIA also concluded that there was insufficient evidence to show that Olea Toledo suffered past persecution based on his status as an out gay man.

Persecution is an "extreme concept that does not include every sort of treatment regarded as offensive," *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) (quotation marks omitted), or "mere discrimination, as offensive as it may be." *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc). "We cannot say . . . that a reasonable factfinder would be compelled to conclude" that the mistreatment Olea Toledo suffered amounts to past persecution. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quotation marks omitted).

Because Olea Toledo has not demonstrated past persecution, he is not entitled to a presumption of future persecution. *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). "To establish eligibility for withholding of removal in the absence of past persecution, an applicant must demonstrate" an objectively reasonable fear of future persecution by showing either that he will be "singled out individually for persecution" or a "pattern or practice of persecution against the group to which he belongs." *Wakkary*, 558 F.3d at 1060 (quotation marks omitted). The BIA determined Olea Toledo did not adduce credible, direct, and specific evidence that would support either showing. *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Because substantial evidence supports the BIA's

5

finding that Olea Toledo failed to show an objectively reasonable fear of future persecution, we deny the petition.[1]

**3.** Finally, for the same reasons outlined in this memorandum, Olea Toledo's Motion to Stay Removal (Dkt. No. 5) is **DENIED**.

**PETITION FOR REVIEW DENIED.**

---

[1] To the extent Olea Toledo challenges the IJ's denial of Convention Against Torture ("CAT") relief, we deem that challenge waived as Olea Toledo did not meaningfully challenge the denial before the BIA. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009).