**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISSETTE NARANJO HERNANDEZ, | No. 19-71391 |
| Petitioner, | Agency No. A216-093-705 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]
Portland, Oregon

Before:  M. MURPHY,[***] BENNETT, and MILLER, Circuit Judges.

Petitioner Lissette Naranjo Hernandez seeks review of a decision by the

Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

judge's ("IJ") denial of asylum and withholding of removal. Exercising jurisdiction under 8 U.S.C. § 1252, this court denies Naranjo Hernandez's petition.

We review "de novo the BIA's determinations on questions of law and mixed questions of law and fact." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). The BIA's factual findings are reviewed for substantial evidence. *Id.* at 1241–42. Under this standard, "[t]he BIA's factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (internal quotation marks omitted). "The BIA's conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence." *Conde Quevedo*, 947 F.3d at 1242.

The BIA determined Naranjo Hernandez failed to demonstrate she belonged to a cognizable particular social group for two reasons: (1) the particular social group proposed by Naranjo Hernandez, women who are unable to leave a relationship because they are powerless, is not cognizable because it "is similar to the group discussed in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018); and (2) additionally and alternatively, Naranjo Hernandez failed to present "evidence to establish the putative group is a socially distinct segment of Mexican society." In her brief on appeal, Naranjo Hernandez does not address the second basis adopted by the BIA in denying her claims for asylum and withholding of removal. Instead,

she limits her challenge to the BIA's reliance on *Matter of A-B-*. Because Naranjo Hernandez has not briefed the correctness of one of the BIA's independent reasons for denying her asylum and withholding of removal, she has waived appellate review of that issue. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). Thus, even if this court were to resolve in Naranjo Hernandez's favor her challenge to the validity of any aspect of *Matter of A-B-*, she still would not be entitled to any relief. *Cf. United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005); *MacKay v. Pfeil*, 827 F.2d 540, 542 n.2 (9th Cir. 1987).

Even setting aside Naranjo Hernandez's waiver, it is clear the BIA did not err in recognizing that the record is devoid of evidence supporting a finding of social distinction. As this court recently reiterated, the existence of "[s]ocial distinction should be determined through a case-by-case, evidence-based inquiry as to whether the relevant society recognizes the proposed social group." *Conde Quevedo*, 947 F.3d at 1242. A review of the record, specifically including Naranjo Hernandez's declaration and testimony and the documentary evidence admitted by the IJ at the hearing, reveals no basis upon which to find that Mexican society views the group of young, economically powerless women in domestic relationships as distinct from society in general. Absent such evidence, the BIA reasonably concluded Naranjo Hernandez failed to demonstrate she belonged to a cognizable particular social group.

19-71391

Given Naranjo Hernandez's waiver and the lack of record evidence supporting the proposition that Naranjo Hernandez's proposed social group is viewed as distinct by Mexican society, it is unnecessary to consider Naranjo Hernandez's challenge to the BIA's reliance on *Matter of A-B-*.

**PETITION FOR REVIEW DENIED.**