**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR VILLAVICENCIO, *Petitioner*, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, *Respondent.* | No. 13-74324 <br><br> Agency No. A090-179-539 <br><br> ORDER AND AMENDED OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2017
San Francisco, California

Filed January 5, 2018
Amended September 11, 2018

Before: Mary M. Schroeder and Johnnie B. Rawlinson,
Circuit Judges, and William H. Stafford, Jr.,[*]
District Judge.

Order;
Opinion by Judge Rawlinson

---

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

## SUMMARY[**]

### Immigration

The panel filed: 1) an order granting in part Respondent's motion to amend the opinion filed on February 20, 2018, and amending the opinion in this case, published at 879 F.3d 941 (9th Cir. 2018); and 2) an amended opinion granting Julio Cesar Villavicencio's petition for review of the Board of Immigration Appeals' decision that affirmed findings of removability and ineligibility for cancellation of removal.

In the amended opinion, the panel concluded that Villavicencio was not removable for a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i) because the statutes under which he was convicted of conspiracy to possess certain drugs, Nevada Revised Statutes §§ 199.480 and 454.351, are overbroad and indivisible.

The panel held that the Nevada conspiracy statute, N.R.S. § 199.480, is overbroad when compared to the generic definition of conspiracy because the Nevada statute lacks the requisite "overt act" element. Therefore, the panel concluded that the categorical approach may not be used to determine removability. The panel also concluded that application of the modified categorical approach is foreclosed because this court has already determined that N.R.S. § 199.480 is indivisible.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel further held that N.R.S. § 454.351, which covers any drug which may not be lawfully introduced into interstate commerce under the Federal Food, Drug and Cosmetic Act, is categorically overbroad relative to the substances controlled under 21 U.S.C. § 802.

The panel also concluded that, although N.R.S. § 454.351 lists multiple means of violation, *i.e.*, possessing, procuring, or manufacturing certain drugs, because jurors need not agree on the means of the violation, the statute must still be regarded as indivisible. In so concluding, the panel noted that: 1) there is no authoritative state court decision addressing whether the alternatives listed in the statute create elements or alternative means of violating the statute; 2) nothing in the language of the statute itself suggests that the alternative phrasing represents alternative elements versus means; 3) the listed alternatives carry no different punishments; 4) the mere fact that a statute is phrased in the disjunctive does not alone translate into a listing of elements rather than means; and 5) while there is no model jury instruction addressing N.R.S. § 454.351, a Nevada jury may generally convict without being unanimous as to the underlying means of committing the offense.

Accordingly, the panel held that, because N.R.S. § 454.351 is overbroad and indivisible, the statute cannot be used as a predicate offense to support removal. The panel further noted that its reversal of the removability determination terminates the removal proceedings, and that the panel need not and would not address cancellation of removal.

## COUNSEL

Kari E. Hong (argued), Supervising Attorney; Katherine Horigan (argued) and Yara Kass-Gergi (argued), Certified Law Students; Ninth Circuit Appellate Project, Boston College Law School, Newton, Massachusetts; for Petitioner.

Dawn S. Conrad (argued) and Edward E. Wiggers, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Robert M. Loeb and Thomas M. Bondy, Orrick Herrington & Sutcliffe LLP, Washington, D.C.; Aaron W. Scherzer, Orrick Herrington & Sutcliffe LLP, New York, New York; Brian P. Goldman, Orrick Herrington & Sutcliffe LLP, San Francisco, California; Jayashri Srikantiah and Lisa Weissman-Ward, Immigrants' Rights Clinic, Mills Legal Clinic, Stanford, California; Manuel Vargas and Andrew Wachtenheim, Immigrant Defense Project, New York, New York; for Amici Curiae Immigrant Defense Project, American Immigration Lawyers Association, Asian Americans Advancing Justice–Asian Law Caucus, Community Legal Services in East Palo Alto, Detention Watch Network, Florence Immigrant and Refugee Rights Project, Heartland Alliance's National Immigrant Justice Center, Immigrant Legal Resource Center, National Immigration Law Center, National Immigration Project of the National Lawyers Guild, Northwest Immigrant Rights Project, Public Counsel, U.C. Davis Immigration Law Clinic, and Centro Legal de la Raza.

**ORDER**

Respondent's Motion To Amend Opinion filed on February 20, 2018 is GRANTED IN PART. The opinion in this case, published at 879 F.3d 941 (9th Cir. 2018), is hereby amended as follows:

1.  879 F.3d at 944, first sentence - insert <violations of> between <removal,> and <Nevada Revised Statutes>.

2.  879 F.3d at 944, Background Section, second sentence - delete the period following <205.220> and replace with <, respectively.>.

3.  879 F.3d at 945, Discussion Section, second paragraph - insert <, *as amended*> following the *Ragasa* citation.

4.  879 F.3d at 946, Subsection A, first paragraph, last line - replace <*See Garcia-Santana*, 774 F.3d at 534> with <*See id.*>

5.  879 F.3d at 947, Subsection B, line 2 - delete space preceding second bracket.

6.  879 F.3d at 947, Subsection B, first paragraph, last line - insert the following language: <, *abrogated on other grounds as recognized by Ragasa*, 752 F.3d at 1175.

7.  879 F.3d at 947, Subsection B, second paragraph, line 11 - delete the language following <N.R.S. § 454.351>.

8. 879 F.3d at 947, Subsection B - insert the following language following the third paragraph:

> There is no authoritative state court decision addressing whether the alternatives listed in the statute create elements or alternative means of violating the statute, and nothing in the language of the statute itself suggests that the alternative phrasing represents alternative elements versus alternative means. The listed alternatives carry no different punishments; they are all misdemeanors. *See* N.R.S. § 454.31; *see also Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements. . . .) (citations omitted).

> The mere fact that a statute is phrased in the disjunctive does not alone translate into a listing of elements rather than means. *See Rendon*, 764 F.3d at 1086. "Only when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative

*elements* and not alternative *means*." *Id*. (emphases in the original).

There is no model jury instruction addressing N.R.S. § 454.351. Generally, in Nevada, a jury may convict without being unanimous as to the underlying means of committing the offense. *See*, *e.g.*, *Triana v. State*, No. 54818, 2010 WL 3504809, at *1 (Nev. Jun. 9, 2010); *Garcia-Gaona v. State*, No. 63255, 2014 WL 989732, at *2 (Nev. Mar. 12, 2014) ("A unanimous general verdict of guilt will support a conviction so long as there is substantial evidence in support of one of the alternate theories of culpability.") (quoting *Anderson v. State*, 118 P.3d 184, 186 (Nev. 2005)).

9. 879 F.3d at 948, line 3 - delete <the> between <because> and <jurors>.

Future petitions for rehearing will not be entertained.

**OPINION**

RAWLINSON, Circuit Judge:

Petitioner Julio Cesar Villavicencio seeks review of a decision from the Board of Immigration Appeals (BIA) affirming findings of removability and of ineligibility for cancellation of removal made by an Immigration Judge (IJ). Villavicencio was removed pursuant to the provisions of 8 U.S.C. § 1227(a)(2)(B)(i).[1] Villavicencio maintains that the state crimes underlying his removal, violations of Nevada

---

[1] 8 U.S.C. § 1227(a)(2)(B)(i) provides in pertinent part:

**(a)  Classes of deportable aliens**

Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:

. . .

**(2) Criminal offenses**

. . .

**(B) Controlled substances**

**(i) Conviction**

Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a state . . . relating to a controlled substance (as defined in section 802 of Title 21), . . . is deportable.

Revised Statutes (N.R.S.) §§ 199.480[2] and 454.351[3] are not a categorical match to the federal generic statutes because they are overbroad and indivisible. We agree with Villavicencio and **GRANT** his petition for review.

## I. BACKGROUND

Villavicencio is a native and citizen of Mexico, who entered the United States illegally in 1979 and adjusted his status to lawful permanent resident in the following decade. On January 20, 2010, an information was filed in Nevada charging Villavicencio with burglary and grand larceny under N.R.S. §§ 205.060 and 205.220, respectively. The state

---

[2] N.R.S. § 199.480 provides in pertinent part:

> **3.** Whenever two or more persons conspire:
>
> **(a)** To commit any crime other than those set forth in subsections 1 and 2, and no punishment is otherwise prescribed by law;
>
> . . .
>
> each person is guilty of a gross misdemeanor.

[3] N.R.S. § 454.351 provides in pertinent part:

> **1.** Any person within this State who possesses, procures, obtains, processes, produces, derives, manufactures, sells, offers for sale, gives away or otherwise furnishes any drug which may not be lawfully introduced into interstate commerce under the Federal Food, Drug and Cosmetic Act is guilty of a misdemeanor.

(Footnote reference omitted).

subsequently filed two amended informations containing the same charges, and a third amended information charging Villavicencio solely with grand larceny. A judgment of conviction was entered on the grand larceny charge.

Three months before entry of the judgment of conviction on the grand larceny charge, an information was filed in Nevada charging Villavicencio with possession of a controlled substance with intent to sell (N.R.S. 453.337), and sale of a controlled substance (N.R.S. 453.321), identifying methamphetamine as the controlled substance. An amended information charged Villavicencio with conspiracy to possess drugs that may not be introduced into interstate commerce (N.R.S. 199.480 and N.R.S. 454.351), also identifying methamphetamine as the controlled substance. Villavicencio agreed to plead guilty to three conspiracy counts in two separate cases. Judgments of conviction were entered in both cases pursuant to the terms of the plea agreement.

The Department of Homeland Security (DHS) subsequently served Villavicencio with a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony relating to a theft offense, and under 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of a violation relating to a controlled substance. At his removal proceedings, Villavicencio admitted that he was not a citizen or national of the United States, that he was a native and citizen of Mexico, and that his status was adjusted to that of a lawful permanent resident. Villavicencio denied that he was convicted of grand larceny and that he was convicted of a conspiracy to possess drugs. Nevertheless, the IJ found Villavicencio removable, noting that the government had

withdrawn the charge relating to the theft conviction, leaving only the drug conspiracy charge as the basis of removal.

Villavicencio appealed the IJ's decision to the Board of Immigration Appeals (BIA). The BIA affirmed the IJ's removability determination, and Villavicencio filed a timely petition for review.

## II. STANDARD OF REVIEW

"Where, as here, the BIA conducts its own review of the evidence and law, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted. We review *de novo* all questions of law, including whether a particular conviction qualifies as an aggravated felony." *Young v. Holder*, 697 F.3d 976, 981 (9th Cir. 2012) (en banc) (citations and internal quotation marks omitted). "Whether a particular conviction constitutes a removable offense is a question of law. . ." *Alvarado v. Holder*, 759 F.3d 1121, 1126 (9th Cir. 2014). "We review factual findings for substantial evidence. The BIA's factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Young*, 697 F.3d at 981 (citations and internal quotation marks omitted).

## III. DISCUSSION

Villavicencio's removal under 8 USC § 1227(a)(2)(B)(i) was predicated on his state convictions for violations of N.R.S. § 199.490 and N.R.S. § 454.351. "We analyze whether a conviction qualifies as a predicate offense for removal purposes by employing the framework the Supreme Court constructed in *Taylor v. United States*, 495 U.S. 575 (1990). . . ." *Alvarado*, 759 F.3d at 1126 (citation omitted).

This framework is conducted using a three-step process. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

At the first step, we employ "the categorical approach, [in which] we examine only the statutory definition of the crime to determine whether the state statute of conviction renders an alien removable under the statute of removal, without looking to the actual conduct underlying the petitioner's offense." *Ragasa v. Holder*, 752 F.3d 1173, 1176 (9th Cir. 2014), *as amended* (citations and internal quotation marks omitted). "If this categorical approach reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match . . ." *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867 (9th Cir. 2015) (citation and internal quotation marks omitted). On the other hand, if the categorical approach reveals that the elements of the state are crime are broader than the elements of the federal offense, then the state crime is **not** a categorical match. *See Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016).

In a narrow range of cases, when a state statute is broader than the elements of the federal offense, we may employ the modified categorical approach to determine if the state crime is a match for the federal offense. *See Lopez-Valencia*, 798 F.3d at 867–68. Use of the modified categorical approach is available only if the state statute contains alternative elements, and the alternative element which forms the basis of the conviction conforms to the federal offense that is the comparator offense. *See Descamps*, 133 S.Ct. at 2283–84. In that circumstance, the statute is considered to be "divisible," and amenable to application of the modified categorical approach. *Id*. at 2284.

The statute of removal, 8 USC 1227(a)(2)(B)(i), provides in relevant part: "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21[4]) . . . is deportable." In other words, (1) any alien (2) convicted of a conspiracy under state law (3) relating to a controlled substance as defined under 21 U.S.C. § 802, is deportable. *See* 8 USC 1227(a)(2)(B)(i).

### A. N.R.S. § 199.480

Villavicencio was convicted of a conspiracy in violation of N.R.S. § 199.480. Villaivicencio argues that the Nevada drug conspiracy statute is overbroad when compared to the generic definition of conspiracy. The Nevada conspiracy statute prohibits "two or more persons" from "conspir[ing] [t]o accomplish any criminal or unlawful purpose, or to accomplish a purpose, not in itself criminal or unlawful, by criminal or unlawful means." N.R.S. § 199.480; *see also United States v. Garcia-Santana*, 774 F.3d 528, 534 (9th Cir. 2014) ("Nevada law defines a conspiracy as an agreement between two or more persons for an unlawful purpose. . . .") (citations omitted). No proof of an overt act in furtherance of the conspiracy is required. *See id.*

---

[4] 21 U.S.C. § 802, also known as the "Controlled Substances Act," (CSA) enumerates "five schedules of controlled substances." *Raich v. Gonzales*, 500 F.3d 850, 854 (9th Cir. 2007) (citation and internal quotation marks omitted). "Controlled substances are placed on a particular schedule based on their potential for abuse, their accepted medical use in treatment, and the physical and psychological consequences of abuse of the substance. . . ." *Id.* (citation omitted).

The generic definition of conspiracy is referenced in 8 U.S.C. § 1101(a)(43)(U). *See id*. The statute provides in relevant part that "an attempt or conspiracy to commit an offense described [in the paragraph defining aggravated felonies] constitutes an aggravated felony. 8 U.S.C. § 1101 (a)(43)(U). In *Garcia-Santana*, we held that the generic definition of conspiracy requires the performance of an overt act. *See* 774 F.3d at 534. Because Nevada's conspiracy statute lacks the requisite "overt act" element, it "criminalizes a broader range of conduct than the properly determined generic definition of conspiracy," and the categorical approach may not be used to determine removability. *Id*.; *see also Marinelarena v. Sessions*, 869 F.3d 780, 786 n.2 (9th Cir. 2017) ("*Garcia-Santana* held that Nevada's conspiracy statute, Nev. Rev. Stat. § 199.480, is overbroad because it does not contain, as an element, an overt act").

Ordinarily, once we have determined that a statute is overbroad, we then determine whether or not a statute is divisible. *See Lopez-Valencia*, 798 F.3d at 867–68. However, we have already determined that Nevada's conspiracy statute is **not** divisible. *See Garcia-Santana*, 774 F.3d at 534 n.3 ("The Nevada conspiracy statute is not a divisible statute that lists potential offense elements in the alternative. . . .") (citations and internal quotation marks omitted). Consequently, application of the modified categorical approach to this statute is foreclosed. *See id*.

B. N.R.S. § 454.351

"The removal provision [of 8 U.S.C. 1227(a)(2)(B)(i)] is . . . satisfied when the elements that make up the state crime of conviction relate to a federally controlled substance." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015). Under the

categorical approach, the proper analysis turns on whether the state drug conviction "limits the meaning of 'controlled substance,' for removal purposes, to the substances controlled under [21 U.S.C. § 802.]" *Id*. at 1990–91; *see also Ruiz-Vidal v. Gonzalez*, 473 F.3d 1072, 1076 (9th Cir. 2007), *abrogated on other grounds as recognized by Ragasa*, 752 F.3d at 1175.

The Nevada statute covers "any drug which may not be lawfully introduced into interstate commerce under the Federal Food, Drug and Cosmetic Act [21 U.S.C.A. § 301 et seq.]." N.R.S. § 454.351. The statute may be violated by "possess[ing], procur[ing], obtain[ing], process[ing], produc[ing], deriv[ing], manufactur[ing], sell[ing], offer[ing] for sale, giv[ing] away or otherwise furnish[ing]" any drug prohibited under the Federal Food, Drug, and Cosmetic Act (FDCA). N.R.S. § 454.351.

We have recognized that a California drug law that "regulates the possession and sale of numerous substances that are not similarly regulated by the CSA" was categorically overbroad. *Ruiz-Vidal*, 473 F.3d at 1078. In a similar vein, our sister circuit has recognized that "the FDCA prohibits countless activities that are completely unconnected to controlled substances." *Rojas v. Att'y Gen. of U.S.*, 728 F.3d 203, 218 (3d Cir. 2013) (citation and internal quotation marks omitted). Because the Nevada drug statute likewise prohibits any drug listed under the FDCA, it is categorically overbroad relative to 21 U.S.C. § 802. *See Mellouli*, 135 S. Ct. at 1986.

Having determined that the statute is overbroad, we now turn to an examination of whether the statute is divisible, and thereby amenable to analysis under the modified categorical approach. *See Lopez-Valencia*, 798 F.3d at 867-68. In

analyzing whether a statute is divisible or indivisible, we keep in mind "[t]he critical distinction . . . that while indivisible statutes may contain multiple, alternative *means* of committing the crime, only divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Rendon v. Holder*, 764 F.3d 1077, 1084–85 (9th Cir. 2014) (citations omitted) (emphases in the original). Application of the modified categorical approach "is appropriate only for divisible statutes—because the modified categorical approach as applied to a divisible statute may reveal which alternative *element* the state charged and the jury or judge found when only some alternative elements match the federal, generic crime." *Id*. at 1085 (emphasis in the original). "If the statute is indivisible, our inquiry ends, because a conviction under an indivisible, overbroad statute can *never* serve as a predicate offense. . . ." *Lopez-Valencia*, 798 F.3d at 868 (citation and internal quotation marks omitted) (emphasis in the original).

There is no authoritative state court decision addressing whether the alternatives listed in the statute create elements or alternative means of violating the statute, and nothing in the language of the statute itself suggests that the alternative phrasing represents alternative elements versus alternative means. The listed alternatives carry no different punishments; they are all misdemeanors. *See* N.R.S. § 454.31; *see also Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements. . . .) (citations omitted).

The mere fact that a statute is phrased in the disjunctive does not alone translate into a listing of elements rather than means. *See Rendon*, 764 F.3d at 1086. "Only when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive

offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative *elements* and not alternative *means*." *Id*. (emphases in the original).

There is no model jury instruction addressing N.R.S. § 454.351. Generally, in Nevada, a jury may convict without being unanimous as to the underlying means of committing the offense. *See*, *e.g.*, *Triana v. State*, No. 54818, 2010 WL 3504809, at *1 (Nev. Jun. 9, 2010); *Garcia-Gaona v. State*, No. 63255, 2014 WL 989732, at *2 (Nev. Mar. 12, 2014) ("A unanimous general verdict of guilt will support a conviction so long as there is substantial evidence in support of one of the alternate theories of culpability.") (quoting *Anderson v. State*, 118 P.3d 184, 186 (Nev. 2005)).

"Any statutory phrase that—explicitly or implicitly—refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used." *Rendon*, 764 F.3d at 1085. Although the Nevada statute lists multiple means of violation, *i.e.*, possessing, procuring, or manufacturing, because jurors need not agree on the means of violation, the statute "must still be regarded as indivisible," and our inquiry is again at an end. *Id*.; *see also Lopez-Valencia*, 798 F.3d at 868. Because N.R.S. § 454.351 is overbroad and indivisible, it cannot be used as a predicate offense to support removal. *See Alvarado,* 759 F.3d at 1126.

## IV.    CONCLUSION

Villavicencio was not removable under 8 USC § 1227(a)(2)(B)(i). N.R.S. §§ 199.480 and 454.351 are both overbroad. N.R.S. § 199.480 criminalizes a broader range of

conduct than is described in the generic definition of conspiracy, and N.R.S. § 454.351 encompasses a wider range of substances than those set forth in the federal Controlled Substances Act. Because neither statute is divisible, the modified categorical approach was unavailable to determine if Villavicencio was convicted of a removable offense. As a result, Villavicencio is entitled to his requested relief reversing the determination of removability.[5]

**PETITION GRANTED.**

---

[5] Our reversal of the removability determination terminates the removal proceedings. We need not and do not address cancellation of removal.