NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILLION KIDANE DEGOL,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   17-72851

Agency No. A208-924-275

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2019**
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and KOBAYASHI,*** District
Judge.

    Million Kidane Degol ("Degol"), a native and citizen of Eritrea, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***   The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations, and we review its factual findings for substantial evidence. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011). We dismiss in part and deny in part the petition for review.

Degol challenges both the IJ's adverse credibility determination and her alternative holding that Degol's testimony did not establish persecution on account of his political opinion. Because the BIA relied solely upon the IJ's alternative holding to affirm the removal order, we lack jurisdiction to review the adverse credibility determination. *Villavicencio v. Sessions*, 904 F.3d 658, 663 (9th Cir. 2018) (limiting our review to the BIA decision). Accordingly, we dismiss Degol's petition for review of the adverse credibility determination.

The agency's finding that Degol failed to establish that the security officers were motivated by his political opinion was supported by substantial evidence because the record evidence does not compel a contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). While Degol was kidnapped, imprisoned, and beaten by Eritrean security forces immediately after refusing to join the country's ruling political party, his captors never clearly articulated their reasons for targeting him. Degol himself admitted that he was unsure of their motives. Because substantial evidence supports the agency's

finding that Degol failed to establish that his persecutors attacked him on account of his political opinion, we deny this portion of his petition for review.[1]

Petition DENIED IN PART and DISMISSED IN PART.

---

[1] Although the dissent sets forth an alternative interpretation of the evidence, that interpretation does not compel us to reach a conclusion contrary to that reached by the agency. *Garcia-Milian*, 755 F.3d at 1031.

*Degol v. Barr*,  No. 17-72851
Paez, J., concurring in part and dissenting in part.

I agree with the majority that we lack jurisdiction to review Degol's

credibility claims.  However, I do not believe that substantial evidence supports the

agency's conclusion that Degol failed to establish persecution on account of his

political opinion.  Although our standard of review is deferential, "deference does

not mean blindness."  *Nguyen v. Holder*, 763 F.3d 1022, 1029 (9th Cir. 2014)

(quoting *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc)).  Because

the record compels the contrary conclusion, *Parada v. Sessions*, 902 F.3d 901,

908–09 (9th Cir. 2018), and because both the IJ and BIA ignored Degol's

testimony relating his captors' accusations of disloyalty, I respectfully dissent.

To establish that he was persecuted on account of his political opinion,

Degol was not required to present direct evidence of his persecutors' motives.

"[F]actual circumstances alone may provide sufficient reason to conclude that acts

of persecution were committed on account of political opinion, or one of the other

protected grounds."  *Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000) (internal

citation omitted).  After all, "[p]ersecutors do not always take the time to tell their

victims all the reasons they are being beaten or kidnaped or killed."  *Gafoor v.

I.N.S.*, 231 F.3d 645, 650 (9th Cir. 2000).

Indeed, "this court has held persecution to be on account of political opinion

where there appears to be no other logical reason for the persecution at issue."  *Id.*;

1

*see also Li v. Holder*, 559 F.3d 1096, 1099 (9th Cir. 2009).  Moreover, "if there is no evidence of a legitimate prosecutorial purpose for a government's harassment of a person . . . there arises a presumption that the motive for harassment is political." *Ratnam v. INS*, 154 F.3d 990, 995 (9th Cir. 1998) (quoting *Harpinder Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir. 1995) (internal quotations omitted).  This presumption is more difficult to rebut when the persecution directly follows the applicant's political activity.  *See Deloso v. Ashcroft*, 393 F.3d 858, 865 (9th Cir. 2005) (observing that "[t]he timing of the violent acts and threats against" the petitioner's family "indicates that they were attacked for political reasons").

Under this standard, the specific circumstances in Degol's case compel the conclusion that he was targeted in retaliation for his political views.  Degol twice publicly criticized the ruling political party and refused to join its ranks.  Immediately following that refusal, Degol was kidnapped and tortured by security forces.  Neither the government nor the agency has offered any alternative motive for Degol's persecution.  *See, e.g.*, *Sinha v. Holder*, 564 F.3d 1015, 1020–21 (9th Cir. 2009) (explaining that the IJ classified Sinha's persecution as the result of "random violence" and not racial persecution).  To the contrary, unchallenged evidence in the record indicates that the Eritrean government routinely retaliates against political dissidents in precisely this fashion.

There is also direct evidence of Degol's captors' motives. He testified that, while in prison, an interrogator accused him of belonging to nefarious foreign interests. Statements of this kind are probative evidence of persecutors' motives. *See Gafoor*, 231 F.3d at 651–52 (holding that Fijian "soldiers' statements to Gafoor [to 'go back to India' were] unmistakable circumstantial evidence that they were motivated by his race and imputed political opinion"). When all the evidence is considered, in my view, it compels a contrary finding, i.e., that Degol was persecuted on account of his political opinion.

Because neither the IJ nor the BIA took any note of Degol's testimony regarding his captors' statements, I also believe the agency committed legal error and, therefore, I would remand so that the agency can correct this error. Rather than taking note of this evidence, the IJ stated that "the extent of the interrogation was to ask him 'Why are you here' or whether he knew why he was detained." And the BIA simply concluded that Degol "does not know why he was imprisoned."

When the agency fails to consider evidence that is "directly relevant" to past persecution, we may remand a petition for review so the BIA can properly consider that evidence. *Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013). Because the agency ignored critical testimony from Degol that was directly relevant to his

3

captors' motives, it erred as a matter of law. That reason standing alone is sufficient to remand to the BIA. *Id.* at 1084.

For the foregoing reasons, I would grant the petition in part and remand for further proceedings.