FILED

OCT 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELEODORO CARRILLO-CARRILLO,
AKA Eliodoro Carrillo-Carrillo,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70834

Agency No. A206-914-734

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 30, 2020[**]

Before:  HAWKINS, GRABER, and BYBEE, Circuit Judges.

Petitioner Eleodoro Carrillo-Carrillo, a native and citizen of Guatemala,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

dismissing his applications for asylum, withholding of removal, and protection

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We may review only the grounds expressly relied upon by the BIA. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). We review the factual findings of the immigration judge (IJ) and BIA for substantial evidence and all legal conclusions de novo. *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018).

**1.** Substantial evidence supports the BIA's rejection of Petitioner's claims of future persecution based on past persecution as a "Guatemalan child[] in a domestic relationship who [is] unable to leave." The BIA did not err in finding that the Department of Homeland Security sufficiently rebutted Petitioner's fear of persecution because Petitioner is no longer a child dependent on his abusive step-grandmother and does not lack financial resources. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(i)(A) (presumption of well-founded fear of future persecution rebutted by showing of a "fundamental change in circumstances"). Petitioner was nineteen years old at the time of his March 1, 2017, hearing before the IJ, and he had lived independently in Mexico for eighteen months before entering the United States. Thus, the BIA's determination that

Petitioner lacked a well-founded fear of future abuse because he is now an adult who can live independently is supported by the record.

**2.** Substantial evidence supports the BIA's determination that Petitioner does not have a well-founded fear of future persecution based on his fear of gang recruitment in Guatemala. Generalized fear of gang violence or criminal activity is insufficient to establish a well-founded fear of persecution on account of a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 746–47 (9th Cir. 2008) (finding petitioner had not established past persecution based on anti-gang political opinions because he failed to present evidence that he was ideologically opposed and evidence showed he was instead victimized for economic and personal reasons), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013). Petitioner did not testify that he had ever been threatened or harmed by Guatemalan gang members, nor did he present evidence indicating that he would be persecuted by the gangs.

**3.** The BIA did not abuse its discretion in its ruling that Petitioner is not entitled to a discretionary grant of humanitarian asylum. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000) (holding that we review a denial of humanitarian asylum for abuse of discretion). Though Petitioner asserts that he is traumatized

3

by his step-grandmother's abuse, he did not present any evidence documenting his own psychological trauma and submitted only generalized evidence regarding child abuse and malnourishment. The BIA acknowledged Petitioner's experience but permissibly determined that he was no longer a child that would be subject to further abuse and had not shown other compelling reasons for being unwilling to return to Guatemala.

4. Substantial evidence supports the BIA's dismissal of Petitioner's CAT claim. Petitioner submitted only country conditions evidence, and the record does not reflect an individualized risk of future torture with the consent or acquiescence of the Guatemalan government. 8 C.F.R. §§ 1208.18(a)(1), 1208.16(c)(2). The BIA's determination that Petitioner failed to meet his burden of establishing likely future torture with government acquiescence is supported by the record.

The petition is **DENIED**.