NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS PABLO DE PABLO, | No.    18-72995 |
| Petitioner, | Agency No. A098-501-346 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2021[**]
Pasadena, California

Before:  OWENS and LEE, Circuit Judges, and SIMON,[***] District Judge.

Petitioner Jesus Pablo de Pablo, a native and citizen of Guatemala and an

indigenous Mayan, seeks review of a decision from the Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Appeals (BIA) affirming the denial of Petitioner's application for withholding of removal and for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Here, the BIA affirmed the findings and conclusions of an Immigration Judge (IJ) and made additional observations expressing agreement with the IJ. Thus, we review the decisions of both the IJ and the BIA. *See Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review questions of law and legal conclusions de novo and findings of fact for substantial evidence. *See Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). "Under the substantial evidence test, we must uphold the IJ's findings, 'if supported by reasonable, substantial and probative evidence on the record considered as a whole.'" *Id*. (quoting *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). To reverse these factual findings, we "must find that the evidence not only *supports* that conclusion, but *compels* it . . . ." *Elias-Zacarias*, 502 U.S. at 481 n.1 (emphasis in original); *see also Villavicencio v. Sessions*, 904 F.3d 658, 663-64 (9th Cir. 2018) (citation omitted). We conclude that substantial evidence supports the decisions of both the IJ and the BIA.

Petitioner unlawfully entered the United States in 2004 and was removed. He did not seek relief from removal. In 2014, Petitioner unlawfully returned to the United States and was immediately detained. This time, Petitioner expressed a fear of returning to Guatemala, and an asylum officer who interviewed Petitioner

2

determined that his fear was sufficiently reasonable to refer him into a "withholding-only" proceeding before an IJ. *See* 8 C.F.R. §§ 208.31(a), (e), (g)(2), 241.8(e).

During that hearing, Petitioner, assisted by counsel, presented evidence that Petitioner had supported the construction of a controversial mining venture in his hometown and, in retaliation, was kidnapped by former guerrillas opposed to that venture who extracted a ransom for Petitioner's return. Petitioner also testified that he fears the former guerillas would harm him again upon his return. Petitioner explained that although his spouse and five children remain in Guatemala, that is only because they do not have enough money to leave. Petitioner acknowledged that the conflict over the specific mining venture that prompted his kidnapping has ended.

The IJ denied Petitioner's application for withholding of removal and for protection under the CAT and ordered Petitioner's removal. The IJ found that even if Petitioner had previously expressed a "political opinion," Petitioner had failed to show that it was more likely than not that Petitioner would face persecution upon return to Guatemala based on that opinion or expression. The IJ explained that the mining venture had been abandoned, terminating the reason for Petitioner's past persecution. The IJ also found that Petitioner had failed to establish that "any persecution would be done by a state actor or somebody the state is unwilling or

unable to control." Although the IJ identified inconsistencies in Petitioner's testimony, the IJ found that the inconsistencies did not warrant an adverse credibility finding.

The IJ also found that Petitioner failed to show that it was more likely than not that Petitioner would be persecuted because of his military service upon removal and return to Guatemala. After entering Petitioner's home to kidnap him because of his signature on the pro-mining operation petition, the former guerillas learned of Petitioner's military service and increased the ransom demand. The IJ, nevertheless, found that the "real motive" of the former guerillas for targeting Petitioner was his political opinion supporting the mining operation.

Regarding Petitioner's torture claim, the IJ found that Petitioner had failed to establish that a public official would torture Petitioner or acquiesce to his torture. The IJ noted that Petitioner's spouse and children remained in their hometown and had not been targeted for the unpaid remainder of Petitioner's ransom and that the disturbance related to the mining venture had ended. The IJ also concluded that Petitioner had not shown that he was unable to relocate within Guatemala to avoid persecution or torture.

Petitioner appealed to the BIA, arguing that he had sufficiently shown past persecution and therefore was eligible for withholding of removal. Petitioner, however, did not appeal to the BIA his denial of protection under the CAT.

4

Although Petitioner's notice of appeal identified the IJ's decisions both to deny withholding of removal and to deny protection under the CAT as the issues being appealed in his brief to the BIA, Petitioner did not discuss the CAT decision, only the denial of withholding of removal.

The BIA dismissed Petitioner's appeal, concluding that the IJ had overcome the presumption of future persecution by finding by a preponderance of the evidence that there had been a "fundamental change in circumstances" such that Petitioner's "life or freedom would not be threatened on account of any statutorily protected ground." *See* 8 C.F.R. § 1208.16(b)(1)(i)(A). The BIA agreed with the IJ's reasoning, citing the cessation of the mining venture, the passage of time, and the Guatemalan government's apparent willingness to protect persons from future persecution as evidenced by past arrests made in connection with civil disturbances over mining projects. The BIA held that these factual findings were not clearly erroneous and that Petitioner had not established a clear probability of persecution in Guatemala. The BIA also concluded that Petitioner failed specifically to contest and provide any argument against the IJ's denial of protection under the CAT, thereby waiving Petitioner's right to appeal on that issue.

The IJ and BIA's findings of fact are supported by substantial evidence. The IJ and BIA's findings that the country conditions report indicates the government of Guatemala has taken action to prevent and punish unlawful or violent activity in

opposition to resource development are supported by evidence. This finding is bolstered by the cessation of the mining venture and the related conflict in Petitioner's region, evidence that Petitioner's family has not been targeted despite Petitioner's failure to pay the remaining unpaid portion of the ransom, and the passage of a significant amount of time. Petitioner's evidence does not show that a reasonable adjudicator must conclude that Petitioner is likely to be subject to persecution, such that the IJ and BIA's factual determinations should be reversed. Nor does Petitioner's evidence show that the IJ and BIA's findings that the passage of time, end of the mining venture, and lack of persecution of Petitioner's family are erroneous. Thus, the decisions of the IJ and BIA are supported by substantial evidence.

Finally, an issue must be raised in an appeal to the BIA to preserve that issue for further appeal. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Failure to do so constitutes a failure to exhaust administrative remedies and deprives the court of appeals of jurisdiction to consider that issue. *Id*. In general, a petitioner waives any arguments before the appeals court when those arguments are not stated specifically and distinctly in a petitioner's opening brief. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003). Here, Petitioner has waived any appeal of the IJ's decision regarding the CAT by not presenting his arguments before the BIA. In addition, Petitioner did not argue that point in his opening

appellate brief and did not file a reply brief. Accordingly, that issue is waived.

**PETITION FOR REVIEW DENIED**.