NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS HUMBERTO AREVALO ESTACUY, AKA Luis Antonio Arevalo, AKA Manuel Martin Lerma Conde, | No. 15-72646 |
| Petitioner, | Agency No. A024-931-708 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2022[**]
Pasadena, California

Before: SMITH,[***] BADE, and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Brooks Smith, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Petitioner Carlos Arevalo Estacuy, a native and citizen of Guatemala, seeks review of a decision from the Board of Immigration Appeals (BIA) affirming the denial of his requests for withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review agency denials of withholding of removal and relief under CAT for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Under this standard, we must uphold the agency's determination unless any reasonable trier of fact "would be compelled" to conclude the contrary based on the evidence in the record. *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (as amended).

Arevalo states he fears he will be persecuted and/or tortured if removed to Guatemala "on account of his membership in a particular social group" consisting of "landowners, property owners, and/or business owners in Guatemala." In support of his requests for relief, Arevalo testified that shortly after being removed to Guatemala in 2013, he was assaulted by gang members who threatened to beat and kill him if he did not pay the gang $1,600 each month. He further testified that the gang members stated they knew he owned property and operated a business. Arevalo testified that he feared for his life and therefore paid the gang on two separate occasions with money sent to him from relatives in the United States. He

also testified that his uncle, his uncle's nephew, "all" of the business owners at a local market, and "the majority" of homeowners in his town were similarly targeted for extortion by the same gang on account of their ownership of land, property, and/or businesses in Guatemala.

1. Substantial evidence supports the agency's denial of withholding of removal.

"To qualify for withholding of removal, an applicant must show that it is more likely than not that he would be persecuted because of a protected ground." *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 892 (9th Cir. 2021) (internal quotation marks omitted). In doing so, an applicant does not need to demonstrate that the protected ground is "a central reason" for his persecution, only that it is "a reason." *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(C)).

Here, the agency denied Arevalo's request for withholding of removal, finding Arevalo "failed to demonstrate a nexus between the harm he suffered and fears and a protected ground." Specifically, the BIA found "no clear error in the Immigration Judge's finding that the individuals who threatened and harmed [Arevalo] were motivated to do so for pecuniary reasons," and that Arevalo failed to establish his alleged persecutors "have or will target him for any reason other than the desire to extort money" from him. Based on our review of the record, we do not

3

find a reasonable trier of fact "would be compelled" to conclude the contrary. *See Villavicencio*, 904 F.3d at 664.

Additionally, we reject Arevalo's argument that a remand is necessary because of *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017). *Barajas-Romero*—which was decided after the agency's decisions in this case—held that unlike asylum claims, a petitioner seeking withholding of removal does not need to show that a protected ground was "one central reason" for the persecution, only that it was "a reason." *Id.* at 360. Although both agency decisions cite to the heightened "one central reason" nexus standard, a remand is unnecessary because the agency concluded Arevalo failed to show *any* causal nexus. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (noting that although the BIA incorrectly applied a heightened "one central reason" nexus standard to petitioner's withholding of removal claim, the court did not need to remand the matter because "the BIA adopted the IJ's finding of *no* nexus between the harm to [the applicant] and the alleged protected ground." (emphasis in original)).[1]

We thus affirm the agency's denial of withholding of removal.

2.      Substantial evidence also supports the agency's denial of relief under CAT. "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or

---

[1] Arevalo's motion to remand (Dkt. 30) is therefore denied.

4

acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

Arevalo testified that his assailants warned him not to go to the police because the police worked with their gang. He also presented evidence showing that most crimes in Guatemala go unpunished. At the same time, as the agency found, the record also contains evidence showing that the Guatemalan government has been making "advances in cases involving torture," and "recently arrested four local police officers accused of gang involvement and corruption." Considering this mixed evidence, we decline to conclude that the record compels a conclusion contrary to that reached by the agency. *See Villavicencio*, 904 F.3d at 664. Accordingly, we affirm the agency's denial of relief under CAT.

**PETITION FOR REVIEW DENIED.**