**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO CARLOS GOMEZ-SILICEO, | No. 18-72908 |
| Petitioner, | Agency No. A200-565-648 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2022**
Pasadena, California

Before: M. SMITH, COLLINS, and LEE, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Roberto Gomez-Siliceo, a native and citizen of Mexico, seeks review of a decision from the Board of Immigration Appeals (BIA) affirming the denial of his requests for withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Gomez states he fears he will be persecuted and/or tortured if removed to Mexico because of his membership in a particular social group comprised of former Mexican military personnel with special training who have refused to join the Zetas cartel. The IJ declined to make a credibility determination but concluded that even if Gomez's testimony were credible, he failed to establish he is entitled to relief. The BIA affirmed.

We review the BIA's legal conclusions de novo and the factual findings underlying those conclusions for substantial evidence. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under this standard, we must uphold the agency's factual determination unless any reasonable trier of fact "would be compelled" to conclude the contrary based on the evidence in the record. *Villavicencio v. Sessions*, 904 F.3d 658, 664 (9th Cir. 2018) (quotation omitted). When assessing whether a decision is supported by substantial evidence, this court's review is limited to those grounds "explicitly relied upon" by the BIA. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). Where the BIA agrees with the IJ's

reasoning, "we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

1. Substantial evidence supports the agency's denial of withholding of removal. To qualify for withholding of removal, an applicant must show a "clear probability" of future persecution because of his "race, religion, nationality, membership in a particular social group, or political opinion." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). "A clear probability exists if it is more likely than not the person will be persecuted upon return." *Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021) (quotation marks and citation omitted). If a petitioner can show he has suffered past persecution, a clear probability of future persecution is presumed. *See id.*; 8 C.F.R. § 1208.16(b)(1)(i).

The agency did not err in finding that the verbal threats Gomez received over the phone on approximately four occasions, in addition to being followed, did not constitute past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (noting "threats standing alone" constitute past persecution "in only a small category of cases"). Second, the record does not compel a finding that Gomez demonstrated a "clear probability" of future persecution. *See Id.* at 937–39. At the time of Gomez's hearing, seven years had passed since the Zetas tried to recruit him; ten years has passed since he was in the military; and Gomez's family, who remained in Mexico, had never been harmed by the Zetas despite Gomez testifying that they too

3

were a target of the verbal threats he received.  *See id.* at 938 ("We do not hold that threats can never compel a finding of a clear probability of persecution. We merely hold that, under the circumstances of this case, the mitigating factors cited by the BIA provide substantial evidence to mitigate the risk in this case to something below fifty percent.").

2.  <u>Substantial evidence also supports the agency's denial of relief under CAT.</u> "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citation omitted).  "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment." *Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001) (quoting 8 C.F.R. § 208.18(a)(2)).

Gomez's request for CAT protection is based on the same evidence as his request for withholding of removal.  The evidence and reasoning supporting the conclusion that Gomez did not face a likelihood of harm rising to the level of persecution also supports the BIA's denial of CAT relief.  *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**