NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DORAN DWANY BREWSTER, AKA Brewster Doran, | No. 18-71801 |
| Petitioner, | Agency No. A070-207-195 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Doran Dwany Brewster ("Brewster"), a native and citizen of Belize,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from the immigration judge's ("IJ") denial of his application

for withholding of removal and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We review the agency's adverse credibility finding and denials of withholding of removal and CAT protection for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Under this deferential standard, the BIA's findings are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary. *Villavicencio v. Sessions*, 904 F.3d 658, 663-64 (9th Cir. 2018) (quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

1. Credibility. Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding. The BIA noted a number of inconsistencies between Brewster's hearing testimony, credible fear interview, and documentary evidence. Given that some of these discrepancies are at the heart of his alleged past and future persecution, the record does not compel the conclusion that, under the totality of the circumstances, Brewster provided credible testimony. *See Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) (considering "the totality of the circumstances and all relevant factors" when reviewing an adverse credibility finding) (citations omitted).

For example, Brewster stated that he feared persecution for being the cousin of a deceased gang leader, but he was unable to remember the true name of this purported cousin, Mayher Singh, during his reasonable fear interview. Further, the

local news reports that Brewster submitted referred to his cousin by different nicknames than Brewster and his witness used at the hearing. These reports also seem to contradict Brewster's claim that his purported cousin was a gang leader or member at all. These inconsistencies are "not merely trivial" but "of great weight," *Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010), because they undermine Brewster's account of past harm and fear of future persecution due to this relationship. Therefore, we need not discuss further discrepancies noted by the agency. Substantial evidence supports the BIA's decision upholding the IJ's adverse credibility finding.

2. Withholding. To qualify for withholding of removal, Brewster must show that it is "more likely than not" that he would be persecuted based on a protected ground if removed to Belize. 8 C.F.R. § 1208.16(b)(2); *see also Vasquez-Rodriguez v. Garland,* 7 F.4th 888, 892 (9th Cir. 2021) (quotation marks omitted). Unable to rely on his own testimony due to the IJ's undisturbed adverse credibility finding, Brewster failed to show—with the remaining testimony and evidence in the record—past persecution or a likelihood of future persecution based on either his alleged informing on a crime or supposed relation to Mayher Singh. Therefore, substantial evidence supports the BIA's denial of withholding of removal based on these grounds.

The BIA separately considered Brewster's claim that he faced a risk of persecution based on 1) his status as a criminal returnee and 2) his (non-gang-related) visible tattoos. Without any credible evidence of past persecution, the BIA affirmed the IJ's finding that Brewster failed to demonstrate a clear probability of harm rising to the level of persecution. The record does not compel a contrary conclusion.

3. Convention Against Torture. "To be eligible for relief under CAT, an applicant bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

Brewster's CAT claim fails for the same reasons as his withholding claim: he cannot rely on his non-credible testimony and his claims lacked sufficient support from independent corroborating evidence. He neither established past torture nor a future probability of torture by or with government acquiescence. Therefore, substantial evidence supports the BIA's finding that Brewster was not entitled to protection under CAT.

**PETITION DENIED**