**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE FRANCISCO GONZALEZ-ARROYO,<br><br>                    Petitioner,<br><br>    v.<br><br>PAMELA BONDI, Attorney General,<br><br>                    Respondent. | No.    20-72260<br><br>Agency No. A206-264-880<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2025[**]
Phoenix, Arizona

Before:  GRABER, BADE, and LEE, Circuit Judges.

Petitioner Jose Francisco Gonzalez-Arroyo, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Gonzalez-Arroyo testified that he fears he will be persecuted and/or tortured if removed to Mexico because the Knights Templar cartel threatened him and his family in 2013, two days after his grandfather passed away. Specifically, Gonzalez-Arroyo testified that an uncle threatened to kill him and other members of his family because the cartel wanted to use Gonzalez-Arroyo's deceased grandfather's house to store guns and drugs. Gonzalez-Arroyo testified that he learned about the threat from his other uncle, who in turn testified that he learned about the threat from a cousin. According to Gonzalez-Arroyo, when the family reported the threat to the police, the police told them they could not help and that it would be best to leave the country. The family believes that the relative who made the threat is both a member of the Knights Templar cartel and a police officer.

When, as here, the BIA summarily affirms the IJ's decision, "we review the IJ's decision as the final agency action." *Zehatye v. Gonzales*, 453 F.3d 1182, 1184 (9th Cir. 2006). We review for substantial evidence the factual findings underlying the agency's denial of relief. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under this standard, we must uphold the agency's determination unless any reasonable trier of fact "would be compelled to conclude to the contrary" based on the evidence in the record. *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (citation omitted).

2

1.  <u>Asylum and withholding of removal.</u>  To qualify for asylum or withholding of removal, an applicant must demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground.  *See* 8 C.F.R. § 1208.13(b); *Zehatye*, 453 F.3d at 1185, 1190 (comparing standards for asylum and withholding of removal).

Here, substantial evidence supports the agency's conclusion that Gonzalez-Arroyo failed to meet his burden of establishing past persecution.  Although "threats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism," *Flores Molina v. Garland*, 37 F.4th 626, 634 (9th Cir. 2022) (citation omitted), "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution," *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021). The single death threat conveyed indirectly to Gonzalez-Arroyo's family does not compel a finding of past persecution.

Substantial evidence also supports the agency's conclusion that Gonzalez-Arroyo is not eligible for asylum or withholding of removal because he failed to establish a "nexus" between the harm he suffered or fears and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

The IJ assumed, but did not decide, that "the Gonzalez family" was a cognizable protected social group. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886,

3

889 (9th Cir. 2021). But as the IJ noted, "there is *no* indication that the existence and identity of [the Gonzalez family] itself was a motivating reason for the [cartel's] threat." Gonzalez-Arroyo admitted that the threat his family received could have stemmed from a mere property dispute between family members. The record does not compel a contrary conclusion.

Additionally, substantial evidence supports the agency's conclusion that Gonzalez-Arroyo failed to meet his burden of establishing a well-founded fear of future persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 864 (9th Cir. 2005). Gonzalez-Arroyo admitted that he has never been personally threatened or harmed by any member of the Knights Templar cartel. Furthermore, he testified that he has never met the uncle believed to have threatened his family and does not know whether the uncle even knows Gonzalez-Arroyo's full name or appearance. A single, indirect death threat from 2013 does not compel a finding that Gonzalez-Arroyo established a well-founded fear of future persecution.

2. CAT claim. "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (quoting 8 C.F.R. § 1208.16(c)(2)). "In addition, the petitioner must demonstrate that he would be subject to a *particularized threat* of torture, and that such torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an

4

official capacity." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (citations and internal quotation marks omitted). The evidence in the record, including testimony that the Knights Templar cartel once threatened Gonzalez-Arroyo and his family in 2013, does not compel a finding that Gonzalez-Arroyo would more likely than not be tortured by or with the acquiescence of a public official if he were removed to Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

**PETTITION DENIED.**