NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSWAL ASAEL PONCE, | No. 20-70252 |
| Petitioner, | Agency No. A201-680-828 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2021[**]
Portland, Oregon

Before: M. MURPHY,[***] PAEZ, and BENNETT, Circuit Judges.

Oswal Ponce seeks review of a decision by the Board of Immigration

Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny in part and dismiss in part Ponce's petition.

We review "de novo the BIA's determinations on questions of law and mixed questions of law and fact." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review for substantial evidence the BIA's factual findings. *Id.* at 1241–42. Under this standard, "[t]he BIA's factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (internal quotation marks omitted). We review for substantial evidence the decision that an applicant failed to establish past persecution or the existence of a well-founded fear of future persecution. *Karapetyan v. Mukasey*, 543 F.3d 1118, 1124–25 (9th Cir. 2008) (citing *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). The same standard applies to the determination that an applicant has failed to demonstrate it is more likely than not he would be tortured if returned to his country of origin. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

1. Ponce asserts the BIA erred in resolving his request to take administrative notice. He argues the BIA ignored his request, leaving it

unresolved. Alternatively, assuming the BIA denied the request, he asserts it abused its discretion. Neither aspect of his argument has merit.

In contrast to Ponce's assertion, the BIA resolved his request that it take administrative notice. The BIA stated that, as an appellate body, it lacked authority to consider new evidence bearing on the factual question whether Ponce has a well-founded fear of persecution should he be returned to Honduras. The BIA concluded Ponce's request to take administrative notice fell outside the parameters of the governing rule and BIA precedent by attempting to create a new record upon which to judge the IJ's factual determinations.

The BIA did not abuse its discretion in so ruling. Ponce does not cite any authority indicating the BIA must take notice of hundreds of pages of documentary evidence, almost all of which was available to him at the time of his asylum hearing. Nor do the cases cited by Ponce in his appellate brief aid his cause. In both, a court ruled the BIA could take administrative notice of essentially one fact: the government in the asylum seeker's country of origin had changed, making a claim of potential future persecution less likely. *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1097 (10th Cir. 1994); *Kaczmarczyk v. I.N.S.*, 933 F.2d 588, 593–94 (7th Cir. 1991). Because the question whether an asylum applicant will suffer

persecution if returned to his country of origin is one of fact, *Elias-Zacarias*, 502 U.S. at 481, and because the BIA is precluded by regulation from making factual determinations on appeal, 8 C.F.R. § 1003.1(d)(3)(iv), the BIA did not abuse its discretion when it denied Ponce's request to take judicial notice of evidence bearing exclusively on that factual question.[1]

2. The administrative record does not compel a finding that Ponce faced past harm that rose to the level of past persecution. *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1015 (9th Cir. 2003). To constitute past persecution, harm must be sufficiently severe. *Id.* at 1016. Discrimination on account of a protected ground does not necessarily compel a finding of "persecution." *Id.* Although Ponce faced discrimination from an aunt, two other aunts supported him, his mother's treatment of him was "excellent," and his biological father treated him with love. While Ponce experienced discriminatory and extortionate interactions with gang members, the violence he suffered amounted to minor assaults with no apparent need for medical treatment and no reports to the authorities. Such events "do not evince actions so severe as to compel a finding of past persecution." *Hoxha*

---

[1] Because Ponce's claim of a "pattern and practice" of persecution against homosexuals in Honduras heavily depended on the newly submitted documentary evidence, the BIA did not err in failing to address that strand of Ponce's asylum/withholding request.

*v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Ponce also faced insults and discrimination from those same gang members. Persecution is, however, an "extreme concept [which] does not include every sort of treatment our society regards as offensive." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006). While such slurs and harassment are offensive, they do not compel a finding of past persecution even when considered with the other assaults.

3. Absent the presumption that flows from a finding of past persecution, the record evidence does not compel a finding that Ponce has a well-founded fear of future persecution. The lack of evidence of any particularized threat renders speculative Ponce's claim of a likelihood of future persecution if returned to Honduras. *Nagoulko*, 333 F.3d at 1018. The evidence of a likelihood of future harm consisted of Ponce's opinion based on times when the gang members or other unknown criminals on the street referenced his perceived sexual orientation. He testified gangs harmed people in general and concluded "they would discriminate against me because . . . I am homosexual." Such a fear of generalized crime and discrimination does not compel a finding of a reasonable possibility of future persecution. The only other record evidence was a country-conditions report submitted by DHS that reflected ongoing discrimination

5

against homosexual individuals and a rape of a homosexual individual by security forces. This documentary evidence, however, does not compel the conclusion Ponce, personally, would be subject to conduct amounting to persecution if returned to Honduras. *See Kotasz v. I.N.S.*, 31 F.3d 847, 851–52 (9th Cir. 1994).[2]

4. Ponce did not request CAT protection in his application for asylum and withholding of removal. Nevertheless, the IJ considered, sua sponte, whether Ponce was entitled to such relief and concluded he was not. In his petition for review, Ponce asserts the IJ's findings are insufficiently detailed. Ponce did not, however, raise this assertion before the BIA. Indeed, he did not reference CAT protection in his brief to the BIA. Although, the IJ's determination that Ponce is not entitled to CAT relief is likely preserved for appeal, *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018), the subsidiary question of whether the IJ's factual findings are sufficiently detailed is unexhausted and beyond this court's review. *Zhang v. Aschroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam).

---

[2] "A failure to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation." *Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) (citation omitted). Thus, Ponce's challenge to the BIA's rejection of his request for withholding of removal also fails.

Ponce's substantive challenge to the BIA's determination that he is not entitled to CAT relief is not meritorious. Ponce argues the country-conditions report submitted to the IJ by DHS compels the finding that he is more likely than not to be tortured by the government, or with its acquiescence, if he were returned to Honduras. That report states, in relevant part, that, police and military forces, in line with general societal discrimination, "harassed and abused" homosexuals. It further notes that "[o]ne international NGO reported that five members of the [military] in uniform allegedly assaulted and raped a gay man." Ponce, however, testified he never had any negative interactions with the police and there is no record evidence Ponce had any interaction with the military. Thus, the record evidence does not compel the conclusion Ponce would be tortured if returned to Honduras.

**Petition For Review DENIED in part and DISMISSED in part**.