**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DI DI XIE,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   20-70234

Agency No. A209-154-567

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2021[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

    Di Di Xie, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

denial of his requests for asylum, withholding of removal, and relief under the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review denials of asylum, withholding of removal, and relief under CAT for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We also review adverse credibility determinations for substantial evidence, considering the totality of the circumstances. *Alam v. Garland*, 11 F.4th 1133, 1136–37 (9th Cir. 2021) (en banc). Under this standard, we must uphold the agency's determination unless any reasonable trier of fact "would be compelled" to conclude to the contrary based on the record. *Villavicencio v. Sessions*, 904 F.3d 658, 664 (9th Cir. 2018) (internal quotation marks omitted).

1. Substantial evidence supports the agency's adverse credibility determination.

First, Xie "purposefully omitted his military service from his asylum application." He also failed to disclose his military service in his written asylum application. When asked why he did not disclose his military service, Xie twice stated that he was afraid that if he revealed it, he would be returned to China. The BIA concluded that given Xie's "lack of candor on this topic, his testimony does not provide us with any adequate assurance that his military service resulted in no disqualifying conduct." We agree. This is not a "careless error about peripheral details." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). That conscious

2

decision to lie distinguishes Xie's case from those where an applicant omitted a collateral or minor detail from his asylum application. *See Iman v. Barr*, 972 F.3d 1058, 1067–68 (9th Cir. 2020). And this court has repeatedly held that an applicant's admission of past dishonesty—especially dishonesty while under oath—supports an adverse credibility determination. *See, e.g.*, *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citing *Don v. Gonzales*, 476 F.3d 738, 741 n.5 (9th Cir. 2007)).

Second, Xie could not provide reasonable detail about his employment history in his asylum application and at his hearing testimony. *See Iman*, 972 F.3d at 1065 ("The lack of detail in an applicant's testimony can be a relevant factor for assessing credibility."). He stated that he did "odd jobs," served as a "reliever worker," and mixed cement. Xie also testified that he "was going to school" prior to 2009. But DHS pointed out that Xie's asylum application revealed that he finished school in 2002. In response, Xie stated that he had "made a mistake" and that, actually, his "friend was going to school in 2009" and he "would go with him." Further, Xie first testified that he was "working locally" in 2005. But he later stated that he served in the Chinese military from 2003 to November 2005, and then in December 2005 he "went to work." The BIA thus concluded that Xie was "vague and unclear" about his employment history. Generally, "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Iman*, 972 F.3d at 1067 (internal quotation marks and citation omitted). But Xie's

3

employment relates directly to his military service. These omissions thus support the agency's adverse credibility determination.

2.     With no credible testimony, substantial evidence supports the agency's denial of asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The BIA determined that Xie's "proffered documentary evidence . . . did not rehabilitate his overall credibility nor did it independently establish his claim that he suffered harm rising to the level of past persecution and that he faces a risk of future persecution in China on account of a statutorily protected ground." Xie did not raise any challenge to this conclusion in his brief, and thus the issue is waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

3. Lastly, Xie waived any challenge to the agency's denial of relief under CAT. "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Xie does not assert any challenge to the denial of CAT protection and therefore has forfeited any challenge to the denial of CAT relief. *See Rizk*, 629 F.3d at 1091 n.3.

**PETITION FOR REVIEW DENIED.**

4