**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YILI YOU,<br><br>　　　　　Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　19-72763<br><br>Agency No. A215-855-306<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
Pasadena, California

Before:　BYBEE and BENNETT, Circuit Judges, and BATAILLON,[***] District Judge.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Yili You, a native and citizen of the People's Republic of China, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge (IJ) order denying claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1]  All factual findings, including the IJ's and BIA's credibility findings, are reviewed for substantial evidence.  *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000). Under the substantial evidence standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see also Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (as amended) ("The BIA's factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (quoting *Young v. Holder*, 697 F.3d 976, 981 (9th Cir. 2018))).  We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Substantial evidence supports the agency's adverse credibility determination.  The BIA found You not credible because of inconsistencies between her interview with Customs and Border Patrol (CBP) upon her most

---

[1] You has withdrawn her appeal from the denial of her application for relief under CAT.

recent entry into the United States, and her asylum application and testimony before the IJ. During her interview with a CBP agent, You testified that her prior entries into the United States were to "try[] to start up a fashion company," "to find some work opportunity in New York," and to "[s]pend some time with [her] boyfriend." In her asylum application and testimony before the IJ, You claimed she came to the United States because she was persecuted on account of her religion in China and was "looking for the [sic] freedom of religion." This inconsistency was not trivial, but rather went to the heart of petitioner's claim, her reason for leaving China. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) (explaining that it is of great weight when inconsistencies go to the heart of the petitioner's claim).

You was given the chance to explain the inconsistency in her responses regarding the purpose of her trips to the U.S. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). But the IJ reasonably rejected You's explanation that she did not know asylum was available for her case at the time of her CBP interview. *See id.* Without her testimony, You failed to establish her eligibility for asylum or withholding of removal.

**PETITION DENIED**.

3