**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELMA ERODITA REYES-GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70900

Agency No. A206-641-945

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2022
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and MORRIS,[**] District Judge.

Elma Erodita Reyes-Guzman, a native and citizen of Honduras, petitions for

review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of

an immigration judge's (IJ) order denying her application for asylum, withholding

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

of removal, and relief under the Convention Against Torture (CAT). We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)).  Under the substantial evidence standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see also Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (as amended) ("The BIA's factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (quoting *Young v. Holder*, 697 F.3d 976, 981 (9th Cir. 2018) (en banc))).  We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.      Reyes-Guzman bears the burden of establishing that she is eligible for asylum.  8 C.F.R. § 208.13(a).  She "must demonstrate that [s]he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez*, 918 F.3d at 1028.  The threat from Vargas and harassment from Liberal Party members, while serious, were not accompanied by any other

2

confrontations or mistreatment. *See Duran-Rodriguez*, 918 F.3d at 1028 (explaining that the Ninth Circuit has been "most likely to find persecution where threats are repeated, specific and 'combined with confrontation or other mistreatment.'" (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000))). Nor is there evidence that Vargas or members of the Liberal Party would seek to harm Reyes-Guzman if she returns to Honduras. Considered cumulatively, the record does not compel the conclusion that Reyes-Guzman demonstrated past persecution or a well-founded fear of future persecution. The BIA's denial of her asylum claim is supported by substantial evidence.[1]

2.    To qualify for withholding of removal, Reyes-Guzman must demonstrate "that it is more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to [Honduras]." 8 C.F.R. § 1208.16(b)(2). Withholding requires the applicant to show "a 'clear probability' that [her] life or freedom would be threatened in the proposed country of removal"—a more demanding standard than asylum. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir.

---

[1] The IJ considered the domestic violence Reyes-Guzman faced in her decision. The IJ and BIA were not required to conduct a separate analysis on whether the domestic abuse Reyes-Guzman faced was based on a protected ground because Reyes-Guzman did not raise this argument before the IJ or BIA.

2020). When an applicant fails to demonstrate a well-founded fear of persecution, "it necessarily follows that they do not qualify for withholding of removal." *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1001 n.5 (9th Cir. 2003); *see also Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008). Because the record does not compel the conclusion that Reyes-Guzman suffered past persecution or has an objectively reasonable fear of future persecution, substantial evidence also supports the BIA's denial of her withholding of removal claim.

3. Under CAT, it is Reyes-Guzman's burden to establish that it is more likely than not that she will be tortured if she returns to Honduras, either by government officials or with government officials' acquiescence. 8 C.F.R. § 1208.16(c)(2); *Garcia-Milian*, 755 F.3d at 1033. Nothing in the record indicates that the BIA failed to consider all the documentary evidence Reyes-Guzman submitted. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). The IJ stated that she gave full evidentiary weight to the documentary evidence in the record and there is no "highly probative or potentially dispositive evidence" in the country condition reports that was overlooked. *Cole*, 659 F.3d at 771–72. The BIA's denial of Reyes-Guzman's CAT claim was supported by substantial evidence.

**PETITION DENIED**