**NOT FOR PUBLICATION**

**FILED**

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FABRICIO LOPEZ-FRANCO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   21-929<br><br>Agency No. A208-412-425<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and VRATIL,***
District Judge.

Petitioner Fabricio Lopez-Franco, a native and citizen of Mexico, seeks

review of a decision of the Board of Immigration ("BIA") affirming the decision

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

of the Immigration Judge ("IJ"), who denied his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), cancellation of removal, and special rule cancellation.[1]  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review agency denials of asylum and withholding of removal for substantial evidence, *i.e.* whether agency findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quotation marks and citations omitted).  The agency's "factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (quotation marks and citation omitted).  Whether a group constitutes a particular social group is a question of law we review de novo.  *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021).

1.      The BIA denied petitioner's asylum and withholding of removal claims based on the particular social group of "men resisting gang recruitment" on the ground that the group was not cognizable.  We have previously rejected proposed particular social groups based on resistance to gang recruitment for lack of social distinction and/or particularity.  *See Santos-Ponce*, 987 F.3d at

---

[1] Petitioner does not challenge the BIA's denial of CAT protection.

2

890; *Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009). We conclude that petitioner failed to show that his proposed social group of "men resisting gang recruitment" is socially distinct and defined with particularity.

2.      Substantial evidence supports the BIA's determination that petitioner's relationship to his brother did not give rise to a well-founded fear of harm. Relying on *Circu v. Gonzales*, 450 F.3d 990 (9th Cir. 2006), petitioner contends that the IJ and BIA impermissibly assumed facts not in the record— namely, that his other siblings who remain in Mexico have not been harmed— reliance on which petitioner had received no notice. "To prevail on a due process challenge to deportation proceedings, [the petitioner] must show error and substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). At the merits hearing and in briefing before the agency, petitioner was provided an opportunity to explain what harm he or his siblings have experienced as a result of their connection to his brother. He could not do so. The record does not support petitioner's contention that the agency erred.

3.      Petitioner argues that in denying his applications for cancellation of removal and special rule cancellation, the IJ and the BIA constitutionally erred by failing to consider relevant evidence. We review questions of law de novo. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). "To prevail on a due process challenge to deportation proceedings, [petitioner] must show error and

3

substantial prejudice." *Lata*, 204 F.3d at 1246 (citations omitted).

In denying petitioner's applications, the BIA understood petitioner's hardship arguments, reviewed the record, and concluded that he had not met his burden of establishing emotional hardship if removed to Mexico. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (petitioner must overcome presumption that BIA reviewed record). The BIA did not err in this regard. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) ("[T]he [BIA] does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (quotation marks and citation omitted)).

4.      Finally, petitioner argues that the IJ abandoned his role as a neutral factfinder and that the BIA failed to address this issue on appeal. Petitioner has not established, however, that the IJ's alleged bias "affect[ed] the outcome of the proceedings." *United States v. Cerda-Pena*, 799 F.2d 1374, 1379 (9th Cir. 1986). The BIA reasonably concluded that because "the emotional and minimal financial disruption caused by [petitioner]'s removal is not, on this record, beyond the typical," petitioner had not demonstrated prejudice. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) ("[I]f the factual record adequately supports the denial of an [immigrant]'s application for

4

5

relief, we cannot find that the alleged bias held by the IJ was the basis for the denial of the application." (citation omitted)).

**PETITION DENIED.**

5