NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL ANGEL MATEO-
ALONSO; JAIRO MATEO-JUAN,

　　　　　Petitioners,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　Respondent.

No. 22-660

Agency Nos.
A209-802-555
A209-802-556

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2023**
Pasadena, California

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.

　　Petitioners Miguel Mateo-Alonso and Jairo Mateo-Juan are natives and

citizens of Guatemala who seek review of a decision from the Board of Immigration

Appeals (BIA) affirming the Immigration Judge's (IJ) denial of their requests for

---

　　*　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Petitioners also seek review of the agency's denial of their motion to terminate their removal proceedings for lack of jurisdiction. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Mateo-Alonso states that he fears he will be persecuted and/or tortured if removed to Guatemala on account of his race and/or membership in a particular social group comprised of "Kanjobal indigenousness members who have been targeted for death by persons with powerful influence in the Guatemalan police and courts and who will not be protected in the future." Mateo-Alonso's minor son Mateo-Juan seeks relief as the "son of" the group his father asserts.

In support of Petitioners' claims for relief, Mateo-Alonso testified that he was attacked on four separate occasions by Feliciano Antonio Nolasco, a Kanjobal man who lived in the same village as Petitioners. Feliciano also threatened to kill Mateo-Alonso. After the assaults, Alonso-Mateo began commuting to Huehuetenango, Guatemala for work. There, he was robbed at knife point by three cartel members who threatened to kill him if he did not have more money the next time they saw him. Mateo-Alonso then moved his family to Guatemala City but he was again robbed on two separate occasions by cartel members. The agency found Alonso-Mateo credible but denied Petitioners' requests for relief.

We review the agency's factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, we must uphold the agency's determination unless any reasonable trier of fact "would be compelled" to conclude the contrary based on the evidence in the record. *Villavicencio v. Sessions*, 904 F.3d 658, 664 (9th Cir. 2018). We review questions of law de novo. *Ruiz-Colmenares*, 25 F.4th at 748.

1. Substantial evidence supports the agency's denial of Petitioners' requests for asylum and withholding of removal. To qualify for asylum or withholding, an applicant must demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(b).

Here, substantial evidence supports the agency's determination that Mateo-Alonso failed to establish a nexus between the harm he suffered in Guatemala and a protected ground. Specifically, substantial evidence supports the agency's finding that Feliciano targeted Mateo-Alonso because, as Mateo-Alonso testified, Feliciano mistakenly believed Mateo-Alonso was having an affair with his wife. Substantial evidence also supports the agency's finding that cartel members targeted Mateo-Alonso for monetary gain. When asked why the cartel members attacked him, Mateo-Alonso answered, "The reason was because they wanted to get money from me, but I wasn't making good money."

Furthermore, having reviewed the evidence submitted in this case, we conclude that nothing in the record "compels" a finding that Petitioners have a well-founded fear of future persecution on account of a protected ground. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). The agency did not err in concluding that Petitioners failed to meet their burden of proof to establish a claim for asylum or withholding. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996). Nor, as Petitioners claim, did the agency violate Petitioners' due process rights.

2. <u>Petitioners did not exhaust their administrative remedies for their CAT claim.</u> The BIA held that Petitioners waived their claim for relief under CAT by failing to raise it in their brief on appeal. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) ("[T]he BIA is entitled to look to [a petitioner's] brief for an explication of the issues that petitioner is presenting to have reviewed."). We find no error in the BIA's determination.

Although Petitioners' brief to the BIA states Petitioners are appealing the IJ's denial of "[a]sylum, [w]ithholding *and protection under the United Nations Convention Against Torture*," it fails to present any argument that the IJ erred in its decision regarding CAT. *Id. at n.8* (concluding a petitioner failed to exhaust his administrative remedies where "CAT was mentioned only twice in [his] brief to the BIA, in the introduction and in the conclusion" and "[t]he brief contained no argument for relief under the CAT"). We do not construe the brief's discussion of

how the "Guatemalan government acquiesced to [Mateo-Alonso's] *persecution*," as an argument that the IJ erred in its denial of relief under CAT. Because Petitioners failed to exhaust their administrative remedies, we deny the petition to the extent it seeks review of the agency's denial of CAT.

3. <u>The agency did not err in denying Petitioners' motion to terminate their removal proceedings.</u> Petitioners argue that because their Notices to Appear did not include a date and time for their initial removal hearing as required under 8 U.S.C. § 1229(a)(1)(G)(i), the agency lacked jurisdiction over their removal proceedings and should have granted their motion to terminate the proceedings. But Petitioners' argument is foreclosed by our court's *en banc* decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1194 (9th Cir. 2022).

**PETITION DENIED.**