NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BEATRIZ TORREBLANCA
RIVERA; AIMAR ESTRELLA BRINGAS
TORREBLANCA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1387

Agency Nos.
A209-163-918
A209-163-919

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2023**
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN, District
Judge.***

Beatriz Torreblanca Rivera ("Lead Petitioner") and her minor daughter,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Aimar Estrella Bringas Torreblanca (together, "Petitioners"), natives and citizens of Mexico, petition for review of the dismissal by the Board of Immigration Appeals ("BIA") of their appeal of the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") by an Immigration Judge ("IJ"). We deny the petition for review.

Where, as here, the BIA has conducted its own review of the evidence and law, our review is limited to the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Guerra v. Barr,* 974 F.3d 909, 911 (9th Cir. 2020). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland,* 56 F.4th 788, 792 (9th Cir. 2022).

1.      Petitioners have waived review of the denial of asylum and withholding of removal claims by failing to challenge the BIA's alternative conclusions. "Issues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996). Only those issues which are "argued specifically and distinctly in a party's opening brief" will be considered for review. *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994).

The BIA set forth three separate dispositive grounds for the denial of asylum and withholding of removal. Petitioners' opening brief addressed only one, that

petitioner failed to establish a nexus between the harm and a protected ground. The BIA's other dispositive findings were not substantively challenged in the brief. The BIA concluded that the threats which Lead Petitioner endured did not rise to the level of persecution. Petitioners' brief highlights no record evidence to dispute that determination, and the legal arguments supposedly addressing the issue are in fact directed to the nexus issue. Moreover, the brief does not address the BIA's determination that Lead Petitioner did not demonstrate an objectively reasonable fear of future persecution. Petitioners have thus failed to contest conclusions by the BIA sufficient to support its denial of relief, and those issues are therefore waived.

Petitioners have also waived review of the denial of CAT protection. To prevail, a petitioner must demonstrate that the BIA failed to consider part of the record or made determinations that were not supported by substantial evidence. Petitioners' opening brief simply restates the factual arguments rejected by the IJ and BIA without engaging in a novel factual analysis or challenging the BIA's factual findings. Because the CAT challenge is similarly unsupported by argument, it is also waived.

2.      Even if the challenges were not waived, Petitioners' arguments fail on the merits. Petitioners argue that substantial evidence does not support the BIA's conclusions that Lead Petitioner (1) had not established harm rising to the level of persecution, (2) failed to show that any such persecution was on account of her

membership in a statutorily-protected particular social group, and (3) did not demonstrate that she was more likely than not to be tortured in Mexico, by or with the acquiescence of a public official. "The BIA's factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Villavicencio v. Sessions,* 904 F.3d 658, 663-64 (9th Cir. 2018).

The record evidence does not compel the conclusion that Lead Petitioner suffered incidents rising to the level of persecution. Persecution is "an extreme concept, marked by the infliction of suffering or harm … in a way regarded as offensive." *Lin v. Holder,* 610 F.3d 1093, 1097 (9th Cir. 2010) (alteration in original). Lead Petitioner received three telephonic threats from members of the El Gavilan gang, in which the callers demanded money to allow Lead Petitioner to continue operating her business and threatened her family if she failed to pay. Although Lead Petitioner testified that she felt forced to shut down the business and relocate to a nearby town because she was unable to pay the demands, unfulfilled threats alone rarely rise to the level of persecution, and only where they are "so menacing as to cause actual or significant suffering or harm" have they been found to constitute persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (quotation omitted). In essence, although the threats may have constituted harassment, they were not so extreme as to compel the conclusion that they rose to

the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003).

Lead Petitioner similarly does not show that the harm suffered was "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). She asserts that she was persecuted on account of her membership in the particular social groups defined as "adult widowed Mexican women who are extorted by the Mexican cartels and reported it" and individuals with "kinship ties … to victims of violent crimes committed by cartels,"[1] but the record does not compel that finding. Substantial evidence supports a finding that Lead Petitioner was more likely the victim of "harassment by criminals motivated by theft or random violence by gang members bear[ing] no nexus to a protected ground." *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010). Indeed, by her own account, Lead Petitioner never had any contact with the El Gavilan gang until she began operating her own business, roughly a year and a half after her husband's murder.

---

[1] Petitioners also challenge the BIA's determination that these proposed particular social groups (PSGs) lack the requisite particularity and social distinction to be cognizable. A PSG is socially distinct if "members of the proposed group would be perceived as a group by society." *Reyes v. Lynch,* 842 F.3d 1125, 1136 (9th Cir. 2016). None of Petitioners' evidence, including the country condition reports in the record, gives any indication that society in general perceives the proposed PSGs as "set apart, or distinct, from other persons within a society." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020). Thus, the groups cannot be considered cognizable.

Finally, substantial evidence supports the BIA's conclusion that Lead Petitioner was ineligible for CAT relief. To establish eligibility, the applicant must establish that she will more likely than not be tortured in the country of removal, by or with the acquiescence of a public official or other person acting in an official capacity. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020). As the BIA reasonably determined that Lead Petitioner's harm did not rise to the level of persecution, it follows that it cannot qualify as torture. *See id.* at 1144. Her subjective fear that gang members might continue to seek her out is insufficient, as CAT protection requires "an [entirely] objective basis of fear." *Tamang v. Holder,* 598 F.3d 1083, 1095 (9th Cir. 2010)*.* Additionally, Lead Petitioner argues, without more, that the Mexican government is incapable of preventing her torture or murder. But "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch,* 828 F.3d 829, 836 (9th Cir. 2016). Accordingly, each of the BIA's conclusions is supported by substantial evidence.

**PETITION DENIED.**